McCOWN v. McSWEEN.

1. If a defence and counter-claim are improperly united, the plaintiff's remedy is a motion to make the allegations of the answer more distinct and specific; demurrer does not lie.

2. Although the facts upon which a counter-claim is based are not stated

separately from the matters pleaded as a defence, still an oral demurrer will not lie.

3. The payment of usurious interest since the act of December, 1882, on a debt contracted prior thereto, will, in action on this debt, sustain a counter-claim for double the sum so paid.

4. *It seems* that a payment of usurious interest prior to the act of 1882, will not sustain a counter-claim under that act.

5. The Circuit Judge having properly overruled an oral demurrer to the answer, he could not give judgment for plaintiff; nor could he have rendered judgment after notice of appeal from an order overruling such demurrer.

Before Hudson, J., Darlington, March, 1887.

The opinion states the case.

*Mr. C. S. Nettles*, for appellant.

*Mr. B. O. Townsend*, contra.

July 13, 1888.   The opinion of the court was delivered by
Mr. Justice McIver.   This was an action to foreclose a mortgage of real estate, given to secure the payment of a bond, alleged to have been executed by the defendants on April 28, 1880, conditioned for the payment to the plaintiff of the sum of nine hundred and forty-three 95-100 dollars, on January 1, 1881, with interest from March 1, 1880.   The defendants answered, saying that said bond and mortgage were not executed by the defendant, John McSween, in his personal capacity, but as trustee for M. J. Norris, and he denies his individual liability on the same.   "They further say, by way of both counter-claim and also of defence: 2nd. That the said bond and mortgage being unpaid at maturity, further time was asked for, which the plaintiff gave, on condition that the defendants, M. J. Norris and her trustee, John McSween, would pay twelve per cent. interest per annum ; that they accordingly have since paid plaintiff the sum of four hundred and thirty-four 18-100 dollars, interest at said rate of twelve per cent. per annum, and in full of same up to January 1, 1884, since which time they have paid nothing.   That of the said $434.18, the sum of $285.78 was paid prior to December

21, 1882, and the sum of $148.40 since said date; and that not only under the laws of the State is all the said interest forfeited and recoverable as a counter-claim, but that in addition double the sum of $148.40 has been forfeited by said plaintiff, or, in all, the sum of $730.93, for which sum judgment is prayed of the court accordingly, with the defendants' costs herein incurred."

The cause came on for trial before his honor, Judge Hudson, when, after reading the pleadings, counsel for plaintiff interposed an oral demurrer to the defendants' answer on the following grounds: "I. That the defence and counter-claim set forth therein are improperly united; whereas they should be separately stated and intelligibly distinguished. II. To so much of the answer as sets up payment of usurious interest in the sum of $285.78, prior to December 21, 1882, as a counter-claim, and to all of the counter-claim so set up against the demand of the plaintiff, except the sum of $296.30, which is double the amount of usurious interest claimed to have been paid to the plaintiff since December 21, 1882, because upon the face it does not constitute a counter-claim of [or ?] defence to plaintiff's action."

At the suggestion of the Circuit Judge, the argument on the oral demurrer was made in connection with the argument on the merits. After argument, an order was granted overruling the demurrer, with leave to the plaintiff to reply to the counter-claim set up in defendants' answer within twenty days from the date of the order.

From this order plaintiff appeals upon the following grounds: "1st. Because his honor, the presiding judge, erred in overruling the oral demurrer to defendants' answer. 2nd. Because his honor, the presiding judge, erred in refusing to give judgment for plaintiff on the pleadings."

It will be observed that the only judgment rendered by the Circuit Judge was one overruling the demurrer, and therefore the only question before us is, whether there was any error in overruling the demurrer. We do not find any evidence in the "Case" as prepared for argument here, that the Circuit Judge was asked by the plaintiff for any specific judgment; and it may be fortunate for the plaintiff that no such judgment was rendered, for as the demurrer was *to the answer*, and not simply to the 2nd

paragraph thereof, setting up the counter-claim or defence—one or both—growing out of the payment of the usurious interest, and as the first paragraph of the answer denied that McSween had executed the bond and mortgage in his individual capacity (a denial which the demurrer admitted to be correct), we do not see how any judgment could have been rendered against Mc-Sween individually on the pleadings.  It seems to us, therefore, that so much of the argument as relates to the question whether the usurious interest paid prior to December, 1882, should oper-ate as a payment on the principal sum loaned, thus reducing the amount which the plaintiff was entitled to recover, was addressed to a question which was not considered or determined by the Cir-cuit Judge, and which, therefore, is not properly before us.

The only question which is properly before us is, whether there was any error in overruling the demurrer.  It is quite clear that the demurrer could not be sustained on the first ground stated.  The defect in the answer therein alleged was remediable, not by demurrer, but by a motion to make the allegations more distinct and specific.  This is fully shown by the authorities cited by the counsel for respondent.[1]

So, too, we agree with the Circuit Judge that the demurrer could not have been sustained upon the second ground stated. While it may be true that the mode of statement adopted in the second paragraph of the answer was objectionable on the ground that it did not state the facts on which the counter-claim rested distinctly and separately from those pleaded as a defence, yet this objection did not render the answer amenable to a demur-rer—certainly not to an oral demurrer, which can only be based upon one of two grounds, either want of jurisdiction or a fail-ure to state facts sufficient to constitute a cause of action or a defence.  Now, there is no pretence of any want of juris-diction, and in the second ground of demurrer, it is conceded by implication at least, that the facts stated in the answer are sufficient to constitute a cause of action, by way of counter-claim, so far as double the amount of the interest paid since the passage of the act of December, 1882, was concerned ; and whether con-ceded or not, it is clear that, under the express terms of that

[1] *Pom. Rem.*, 596, 725 ; 2 *Wait Prac.*, 457 ; 15 *S. C.*, 256.

act, the facts stated do constitute a cause of action by way of counter-claim, so far as that amount is concerned. *Hardin* v. *Trimmier*, 27 S. C., 111. This would be sufficient to protect the answer from the demurrer.

Whether the fact that usurious interest was paid prior to the act of December, 1882, would operate as a counter-claim, or only as a defence by way of payment, does not seem to have been determined by the Circuit Judge distinctly, and hence that question is not now before us. We may say, however, that though the point is not adjudged in *Hardin* v. *Trimmier*, *supra*, yet the intimation there thrown out is that such payment could not operate as a counter-claim without giving the act of 1882 a retroactive effect, but whether such payment, being pleaded both as a defence and counter-claim, may not operate as a defence by way of payment on the sum actually loaned, is a question which has not been passed upon by the Circuit Judge, and must be determined when the case is tried on the merits.

As to the second ground of appeal it is only necessary to say that the demurrer having been properly overruled, the plaintiff was not entitled to judgment on the pleadings. For certainly, after the demurrer was overruled, the plaintiff was not, under the pleadings, entitled to judgment for the amount demanded in his complaint, and as notice of appeal from the order overruling the demurrer was promptly given, the Circuit Judge very properly declined to render judgment until such appeal was determined. *Hammond* v. *Port Royal & Augusta R. R. Co.*, 15 S. C., 10; *Elliott* v. *Pollitzer*, 24 S. C., 81.

The judgment of this court is, that the order overruling the demurrer to the answer be affirmed, and that the plaintiff have leave to reply at any time within twenty days after written notice of this decision.